IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01628-BNB

FRED RAYNEL LUCERO,

     Applicant,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 2 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE
## TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

---

Applicant, Fred Raynel Lucero, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Sterling, Colorado,

correctional facility.  Mr. Lucero filed *pro se* an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Mesa County,

Colorado, district court case number 95CR258.  He has paid the $5.00 filing fee.

On July 17, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file

within twenty days a pre-answer response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A).  On September 4, 2009, after being granted

an extension of time, Respondents filed their pre-answer response.  On September 15,

2009, Mr. Lucero filed a reply to the pre-answer response.

The Court must construe liberally Mr. Lucero's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied in part as procedurally barred.

Mr. Lucero was convicted by a jury in Mesa County District Court Case No. 95CR258 on two counts of first-degree murder and one count of retaliation against a victim or witness. The trial court imposed consecutive terms of life imprisonment on the murder counts and a lesser concurrent prison term for the witness retaliation count. Mr. Lucero filed a motion for new trial, which the trial court denied after holding an evidentiary hearing. On August 12, 1999, the Colorado Court of Appeals affirmed Mr. Lucero's convictions. *See People v. Lucero*, No. 96CA2264 (Colo. Ct. App. Aug. 12, 1999) (answer, ex. F). On May 15, 2000, the Colorado Supreme Court denied certiorari review.

On April 5, 2001, Mr. Lucero filed a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The trial court appointed the public defender to represent Mr. Lucero, then allowed counsel to withdraw, and appointed conflicts counsel. Following protracted proceedings, including substitution of conflicts counsel, counsel filed a supplemental Colo. R. Crim. P. 35(c) motion on September 29, 2005. Following a day-long evidentiary hearing, the court took the matter under advisement, and ultimately on August 22, 2006, issued a written order denying the Rule 35(c) motion. On February 19, 2009, the Colorado Court of Appeals

affirmed. *See People v. Lucero*, No. 06CA2043 (Colo. Ct. App. Feb. 19, 2009) (not published) (answer, ex. K).  On June 8, 2009, the Colorado Supreme Court denied certiorari review.

Mr. Lucero alleges that he mailed the instant habeas corpus application on June 25, 2009, which the Court received on June 30, 2009, and filed on July 9, 2009. Respondents concede that the instant action is filed within the one-year limitation period in 28 U.S.C. § 2244(d).  Therefore, because Respondents admit that the instant action was filed in a timely manner, the Court need not address further the one-year limitation period.

Mr. Lucero asserts eight claims.  They are as follows:

> 1.     The trial court erred by admitting involuntary statements made to police officers on March 27 and 28, 1995, in violation of the Fourth and Fourteenth amendments.
>
> 2.     The trial court erred in admitting Applicant's hearsay statements that were made to one of the murder victims and that were admitted through law enforcement witnesses in violation of the Sixth Amendment.
>
> 3.     The trial court violated Applicant's due process rights when it refused to admit evidence of Randy Reizenstein's failed polygraph test.
>
> 4.     The jury was improperly tainted the judge's comments during voir dire that Applicant's trial would not be conducted like the O. J. Simpson trial.
>
> 5.     Trial counsel provided ineffective assistance by failing to ask for a new venire following the court's voir dire comments.
>
> 6.     The prosecution committed misconduct by failing to take corrective action when a prosecution witness testified that Applicant was able to out wrestle the witness's brother, who the witness falsely claimed was substantially

larger than Applicant.  The testimony was "highly damaging" because a prosecution expert testified that whoever killed the victim had wrestled with him.  Application at 6b.

      7.     Defense counsel committed gross error by failing to present exculpatory evidence that one of the murder victims was seen alive two days after the date the prosecution alleged the murder occurred.

      8.     The state postconviction motion failed to apply state law properly in evaluating Applicant's newly discovered evidence claim.  This evidence concerned the true stature of a witness's brother and the recantation of a prosecution witness.  Because the postconviction court determined the impact of the recantation to be uncertain, counsel was ineffective for failing to pursue the testimony at trial.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S.

4

at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  ***See Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  ***See Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that Mr. Lucero has exhausted claims one, two, and three on direct appeal.  The Court agrees.  Claim one, challenging the voluntariness of statements Mr. Lucero made to police officers, was raised on direct appeal in the Colorado Court of Appeals, ***see*** answer, ex. C (opening brief) at 12-19, and in the Colorado Supreme Court.  ***See*** answer, ex. G (petition for writ of certiorari) at 5-9. Claim two, challenging the admission of hearsay statements, was raised on direct appeal in the Colorado Court of Appeals, ***see*** answer, ex. C (opening brief) at 19-24; ex. D (supplemental opening brief) at 2-7), and in the Colorado Supreme Court.  ***See*** answer, ex. G (petition for writ of certiorari) at 13-17.  Claim three, challenging the trial court's refusal to admit polygraph evidence, also was raised on direct appeal in the Colorado Court of Appeals, ***see*** answer, ex. C (opening brief) at 24-26, and in the Colorado Supreme Court.  ***See*** answer, ex. G (petition for writ of certiorari) at 17-20.

Therefore, claims one, two, and three, each of which has been exhausted, will be drawn to a district judge and to a magistrate judge.

Respondents contend that Mr. Lucero has failed to exhaust claims four, six, and the part of claim eight asserting newly discovered evidence. For the reasons stated below, the Court agrees. Respondents first argue that Mr. Lucero failed to exhaust claim four, challenging the trial court's voir dire comment, because he raised the claim in his Colo. R. Crim. P. 35(c) motion as a violation of state law only. In his opening and reply briefs before the Colorado Court of Appeals, Mr. Lucero, despite sporadic constitutional and due process references, only relied on state law concerning judicial recusal. *See* answer, ex. I (amended opening brief) at 20-31, ex. J (reply brief) at 6-9. He also relied only on state law before the Colorado Supreme Court. *See* answer, ex. L (petition for writ of certiorari) at 4-6. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan*, 513 U.S. at 365-66. Therefore, Mr. Lucero failed to exhaust claim four.

Respondents also argue that Mr. Lucero failed to exhaust claim six, alleging prosecutorial misconduct, because he never presented the claim to the state courts. In his Colo. R. Crim. P. 35(c) motion, he raised the claim before the Colorado Court of Appeals only in the context of his claim of ineffective assistance of counsel. *See* answer, ex. I (amended opening brief) at 35. Again, a claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan*, 513 U.S. at 365-66. Therefore, Mr. Lucero failed to exhaust claim six.

Respondents further argue that to the extent claim eight raises a claim of newly discovered evidence, the claim was presented in the state courts solely as a violation of state law. In his Colo. R. Crim. P. 35(c) motion before the Colorado Court of Appeals, as in the instant application, he maintained that the trial court failed to apply Colorado case law correctly. *See* answer, ex. I (amended opening brief) at 38-39. Once again, a claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan*, 513 U.S. at 365-66. Mr. Lucero failed to exhaust that part of claim eight alleging newly discovered evidence.

Although Mr. Lucero failed to exhaust state court remedies for his fourth and sixth claims and the part of claim eight alleging newly discovered evidence, the Court may not dismiss these claims for failure to exhaust state remedies if Mr. Lucero no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claims would be denied as successive under Colo. R. Crim. P. 35(c) because the claims could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. Rev. Stat. § 35(c)(3)(VII). Therefore, the fourth and sixth claims and the part of claim eight alleging newly discovered evidence that Mr. Lucero failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).

7

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Lucero's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Lucero must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Lucero first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. Mr. Lucero then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Lucero fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, because Mr. Lucero has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the

Court finds that the fourth and sixth claims and the part of claim eight that Mr. Lucero

failed to exhaust are procedurally barred and must be dismissed.

Lastly, Respondents argue that Mr. Lucero has failed to exhaust claims five and

seven and the part of claim eight alleging ineffective assistance of counsel because he

only raised these claims as federal constitutional claims before the Colorado Court of

Appeals and not before the Colorado Supreme Court.  The Court disagrees.

The failure to raise claims five, seven, and the part of claim eight alleging

ineffective assistance of counsel in the Colorado Supreme Court after these claims

were presented fairly to the Colorado Court of Appeals does not mean they are not

exhausted.  In order to exhaust state remedies, a claim must be presented to the

state's highest court if review in that court is available.  *See O'Sullivan*, 526 U.S. at

845.  However, "there is nothing in the exhaustion doctrine requiring federal courts to

ignore a state law or rule providing that a given procedure is not available."  *Id.* at

847-48.  Therefore, if a state articulates that a certain avenue for relief is not part of its

standard appellate review process, it is not necessary for a defendant to pursue that

avenue in order to exhaust state remedies.  *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court

is not part of the standard state appellate review process.  More specifically, the

Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction
> relief matters from or after July 1, 1974, a litigant shall not be
> required to petition for rehearing and certiorari following an
> adverse decision of the Court of Appeals in order to be
> deemed to have exhausted all available state remedies
> respecting a claim of error.  Rather, when a claim has been

> presented to the Court of Appeals or Supreme Court, and
> relief has been denied, the litigant shall be deemed to have
> exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the Colorado Supreme

Court is not required to exhaust state remedies if the claim in question was presented

fairly to, and relief was denied by, the Colorado Court of Appeals.

The Court's conclusion is supported by the fact that four circuit courts have

determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek

review in the state's highest court in order to satisfy the exhaustion requirement. *See*

*Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d

398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir.

2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). The Court is not

aware of any case that reaches a contrary conclusion. Therefore, the fact that Mr.

Lucero did not raise claims five and seven and the part of claim eight alleging

ineffective assistance of counsel in the Colorado Supreme Court in a petition for writ of

certiorari after these claims were presented fairly to and rejected by the Colorado Court

of Appeals does not demonstrate that the claims are unexhausted. Claims five and

seven and the part of claim eight alleging ineffective assistance of counsel also will be

drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that claims one, two, three, five, seven, the part of claim eight

alleging ineffective assistance of counsel, and the case are drawn to a district judge

and to a magistrate judge. It is

FURTHER ORDERED that claims four, six, and the part of claim eight alleging

newly discovered evidence are dismissed as procedurally barred.

DATED at Denver, Colorado, this __1st__ day of _____ _Oct._ _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01628-BNB

Fred Raynel Lucero
Prisoner No.  91725
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**


      I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on 10/2/09


                                      GREGORY C. LANGHAM, CLERK


                                      By: _____
                                                  Deputy Clerk