IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01628-MSK-MEH

FRED RAYNEL LUCERO,

    Applicant,

v.

KEVIN MILYARD, Warden, and
COLORADO ATTORNEY GENERAL,

    Respondents.

---

# RECOMMENDATION ON MOTION FOR RECONSIDERATION

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Applicant's Motion to Object to the Court's Order of October 1, 2009 [docket #15], which the Court construes as a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. L.Civ.R 72.1.C, the motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the motion be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

On July 9, 2009, Applicant initiated this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court was required to review the Application and dismiss any portion for which the Applicant is not entitled to relief in the district court. In an Order dated October 2, 2009, Judge Weinshienk dismissed as procedurally barred Claims Four, Six and a portion of Claim Eight alleging newly discovered evidence. *See* docket #12. Judge Weinshienk allowed Applicant's remaining claims to proceed and be drawn to a district judge. *Id.*

Applicant filed the within motion objecting to Judge Weinshienk's order dismissing the claims as procedurally barred, arguing that he should not be held responsible for the ineffectiveness of his postconviction counsel for failing to raise the claims properly. Applicant primarily argues that a conflict of interest between himself and his counsel excuses the procedural default.

**II.    Discussion**

The Court must construe the Applicant's motion to reconsider liberally because Applicant is not represented by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment should be considered pursuant to Rule 60(b). *Id.* Here, Applicant filed his motion to reconsider within ten days after the Order was entered in this action

on October 2, 2009. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See id.*

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997). A motion for reconsideration is inappropriate to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original application. *Paraclete*, 204 F.3d at 1012. Thus, such a motion is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* However, a motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1244.

Here, Applicant's motion refers to no "intervening change in controlling law" nor "the availability of new evidence." Thus, his motion is construed as brought under the third ground seeking to challenge the legal correctness of the Court's judgment. This Court sees no clear error nor manifest injustice in Judge Weinshienk's Order. When Respondents argued in their pre-answer response that Claims Four, Six and part of Eight were procedurally barred, the Applicant advanced the argument in his reply brief that he should not be held responsible for his post-conviction counsel's "ineffectiveness." Docket #11 at 3. The Court considered Applicant's argument in its Order. Applicant's desire to expand on that argument by asserting a "conflict of interest" through

this post-judgment motion is improper. Applicant's argument reveals that he knew the facts underlying his "conflict of interest" theory at the time he filed the Application and during the pre-answer briefing. Docket #20 at ¶ 3. Thus, any attempt by Applicant to advance arguments now that could have been addressed in his reply brief to the pre-answer response cannot serve as a basis to alter or amend the judgment.

## III. Conclusion

Based on the foregoing, and the entire record herein, I do hereby RECOMMEND that the District Court deny the Applicant's Motion to Object to the Court's Order of October 1, 2009 [<u>filed October 8, 2009; docket #15</u>].

Dated this 8th day of April, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge